Submitted April 24, 2020, affirmed October 6, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELI WILLIAM JOHNSON,
*Defendant-Appellant.*

Deschutes County Circuit Court
17CR20427; A167735

496 P3d 1075

Beth M. Bagley, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for, among other offenses, driving under the influence of intoxicants, ORS 813.010. He contends that the trial court erred in denying his pretrial motion *in limine* that sought to exclude the state's toxicology report (showing that defendant's blood samples tested positive for methadone, amphetamines, and methamphetamine) and the testimony of the laboratory supervisor who signed the report. In defendant's view, that evidence would, if used at trial, violate his confrontation rights under the Sixth Amendment to the United States Constitution. That is because, according to defendant, it was the laboratory bench chemists—not the supervisor—who handled and tested defendant's blood samples, and the Confrontation Clause does not permit the admission of a scientific report if its authors do not appear and face cross-examination at trial.

Before defendant's trial began, the trial court and the parties discussed the motion *in limine*. The state gave its view of the cases on which defendant relied to support his confrontation-rights argument and the role of the bench chemists and supervisor with regard to the toxicology report's results. The trial court denied defendant's motion, saying that, given that the state had a different view of what the bench chemists did in the course of preparing the toxicology report, it would not exclude the supervisor's testimony or the toxicology report at that time. The court said that any objections defendant had about confrontation rights could be raised during the course of the lab supervisor's testimony. During trial, when the lab supervisor did testify, defendant did not make any objections to the supervisor's testimony on the basis that she was not the report's author and that his inability to confront the actual author of the report violated his rights under the Confrontation Clause. We conclude that, when the record developed enough to provide the factual basis for the court to rule on defendant's confrontation-rights argument, defendant needed to object to the lab supervisor's testimony and the toxicology report at that time to preserve the claim that he now raises on

appeal. ORAP 5.45(1). We therefore do not consider his claim of error on appeal and affirm.

Affirmed.